IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARSHA CHAMBERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CV-2240-K |
| | ) | ECF |
| STATE OF TEXAS, ET AL., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.   Parties:**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Animal Enterprise Terrorism Act at 18 U.S.C. § 43 and the RICO statute at 18 U.S.C. § 1961.  (*See* Dec. 30, 2008, Amended Compl.).  Defendants are the State of Texas, the SPCA of Texas and Kaufman County, Texas.

**II.   Factual background:**

Plaintiff alleges Defendants participated in a conspiracy to violate her federal and constitutional rights through an unlawful forfeiture proceeding which divested her of ownership of 121 dogs and 1 cat.  Plaintiff argues the Texas Health and Safety Code is unconstitutionally vague, and that the state unlawfully allows forfeiture of property without requiring any nexus with a criminal offense.  Plaintiff seeks money damages to compensate her for her loss of business, loss of inventory, pain, and mental suffering.

**III.    Discussion:**

The terms of 28 U.S.C. § 1915(e)(2)(B)(I) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious.  Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989).  A claim is frivolous if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

**A.  Plaintiff's previous lawsuit**

Plaintiff previously filed a federal lawsuit regarding these claims.  *See Chambers v. SPCA of Texas, et al.*, 3:06-CV-1957-K (N.D. Tex. Oct. 23, 2006).[1]  In her previous federal case, Plaintiff sued the SPCA of Texas, Kaufman County, various SPCA of Texas employees, and other individuals.

In her previous suit, Plaintiff alleged: (1) the state judge who presided over the forfeiture hearing violated her constitutional rights because he lacked subject matter jurisdiction over her animals; (2) she was maliciously prosecuted; (3) she suffered severe emotional distress; (4) the SPCA violated her rights when it allowed an employee to represent himself as a law enforcement

---

[1] Plaintiff also filed numerous state court actions regarding this forfeiture.  (*See*, Compl.)

agent; and (5) Kaufman County and the SPCA aided and abetted the filing of false charges against her and also attempted to make a profit on her animals. Plaintiff sought money damages to compensate her for the value of the property taken, the loss of past and future business income, mental anguish and emotional distress.

On July 9, 2007, the Court dismissed the complaint under the *Rooker-Feldman* doctrine[2] for lack of jurisdiction. The Court stated that Plaintiff's claims "necessarily ask the Court to collaterally review the state court's final order of forfeiture." (Magistrate Judge's Findings, Conclusions and Recommendation at 7, adopted by the District Court on July 9, 2007).

### B. Res Judicata

In this case, Plaintiff's claims against the SPCA of Texas and Kaufman County are barred by the doctrine of res judicata. Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983). Further, the doctrine of res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Id*. at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).

Plaintiff sued the SPCA of Texas and Kaufman County in both suits. These parties are identical. The prior judgment was rendered by the United States District Court for the Northern

---

[2]Under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

District of Texas, which is a court of competent jurisdiction. The Court also rendered a final decision on the merits.

Finally, both the prior case and this complaint involve the same cause of action. In determining whether two cases involve the same cause of action, the Fifth Circuit has stated: "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrilectric Power Partners, Ltd., v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).

In this case, Plaintiff raises the same allegations that she raised in his previous suit, but simply changes her theory of recovery. In both cases Plaintiff argues that Defendants unlawfully forfeited her animals, and that she is entitled to money damages. In her first case, she included state law causes of action. In this case, she states she is only alleging violations of federal law. (Amended Compl. at 2). Under res judicata, however, it is "settled that one who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar." *Nilsen*, 701 F.2d at 561. Plaintiff's claims arise out of the same nucleus of operative facts and could have been raised in her earlier suit. Plaintiff's claims are therefore barred by res judicata and should be dismissed.

**C. State of Texas**

Plaintiff names the state of Texas as a Defendant in this complaint. Under the Eleventh Amendment, however, an unconsenting state is immune from suits brought in federal courts by its own citizens as well as by citizens of another state. *Lapides v. Bd. of Regents of the Univ. Sys. Of Georgia*, 535 U.S. 613, 616 (2002). Plaintiff has not shown that the state of Texas has waived its immunity to suit in federal court. *See Aguilar v. Texas Dep't of Crim. Justice*, 160

F.3d 1052, 1054 (5th Cir. 1998) ("Section 1983 does not waive the states' sovereign immunity, . . . and Texas has not consented to this suit."); *Gaines v. Texas Tech University*, 965 F. Supp. 886, 889 (N.D. Tex. 1997) ("Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO."); *Hines v. Mississippi Dep't of Corr.*, 239 F.3d 366, 2000 WL 1741624, (5th Cir. 2000) (unpublished) ("Congress did not abrogate the states' immunity in enacting Section 1985."); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Section 1981 contains no congressional waiver of the state's Eleventh Amendment immunity."). Plaintiff's claims against the state of Texas should therefore be dismissed.

**RECOMMENDATION:**

The Court recommends that this case be dismissed with prejudice as frivolous.

Signed this 9th day of February, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).